# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLACKWATER DIVING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3485-CJB-SS** |
| **OSA INTERNATIONAL, LLC** | |

## ORDER

BLACKWATER'S MOTION TO QUASH (Rec. doc. 84)

**DENIED**

      In its second supplemental and amended complaint the plaintiff, Blackwater Diving, LLC ("Blackwater"), alleges that: (1) on October 4, 2008, it contracted with the defendant, OSA International, LLC ("OSA"), to be paid a commission on business it procured for OSA; (2) it arranged for OSA to obtain pipeline work with Discovery Producer Services, LLC ("Discovery"), a subsidiary of Williams; (3) Blackwater performed its obligations under the October 4, 2008 contract; and (4) OSA owes it more than $2.5 million but refuses to pay. Rec. doc. 73. OSA alleges that the October 4, 2008 commission agreement is void as against public policy because of kickbacks paid by Blackwater and/or its principal, Kevin Lorio, to Peter Simeon, a project manager for Discovery/Williams. Rec. doc. 92.

      On September 18, 2009, OSA caused subpoenas for documents to be issued in Texas to Discovery, Discovery Gas Transmission, LLC and Williams. Each subpoena sought: (1) the file on any investigation into allegations of kick-backs in any project with Blackwater; (2) Simeon's employment files; and (3) the file on any investigation of Simeon and the cessation of his employment. Rec. doc. 84 (Exhibit 1). Blackwater objects that the information sought in category

nos. 1 and 3 is not relevant and is sought for the purpose of harassment.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action. Id.

Blackwater asserts that: (1) it is owned by Kevin Lorio; (2) Blackwater was an approved Williams contractor; (3) Daniela Tejada, an OSA employee, made allegations to representatives of Williams that its project manager, Simeon, was receiving kickbacks from Lorio in connection with the project, (4) Williams removed Blackwater from its list of approved contractors and conducted an investigation; (5) it reviewed not only Blackwater's financial records but also Lorio's financial records; (6) Blackwater and Lorio were exonerated; (7) Blackwater was reinstated as an approved contractor for Williams; and (8) Simeon was terminated by Williams for lack of performance and not for participation in alleged kickbacks.

Blackwater contends that the Williams investigation into the kickback allegations is not relevant to OSA's defense. It argues that the information in the investigation file cannot release OSA of its contractual obligations. Rec. doc. 84. Blackwater's contention is based on the assumption that the investigation file contains no information which supports OSA's allegation. While Blackwater's description of the investigation tends to support that conclusion, the file may contain information which suggests otherwise. At present one of OSA's defenses is based on the allegation of illegal payments by Blackwater and/or Lorio to Simeon. As Blackwater has not

2

obtained a dismissal of this defense, the information sought by OSA is relevant to the defense.

Blackwater's motion to quash will be denied. The information shall be produced subject to a protective order providing that the information may be disclosed only to OSA's counsel. Counsel for OSA may not disclose the information to their client without further order from the court. The parties shall submit a protective order. If they cannot agree on its terms, they shall submit separate orders. The one which most nearly meets the needs of the litigation will be signed.

IT IS ORDERED as follows: (1) Blackwater's motion to quash (Rec. doc. 84) is DENIED; (2) **within ten (10) working days of the entry of this order**, the parties shall submit a joint motion for entry of a protective order as provided herein; and (3) if they are unable to agree on its terms, within the same deadline they shall submit separate orders.

New Orleans, Louisiana, this 15th day of October, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**